**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID WHITMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-113-M |
| | ) |
| MIKE ROGERS et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On August 15, 2014, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this action brought pursuant to 42 U.S.C. § 1983, alleging violations of plaintiff's federal constitutional rights during his incarceration at James Crabtree Correctional Center in Helena, Oklahoma. The Magistrate Judge recommended that (1) defendants' Partial Motion to Dismiss be granted in part; (2) plaintiff's Motion for Leave to Supplement be denied; and (3) plaintiff's Motion for Preliminary Injunction be denied. Plaintiff was advised of his right to object to the Report and Recommendation by September 5, 2014. On October 10, 2014, plaintiff filed his objection.[1]

In his objection, plaintiff asserts that the Magistrate Judge failed to acknowledge plaintiff's claims for defendants' alleged acts of retaliation and conspiracy to deprive plaintiff of his First Amendment rights. However, the Magistrate Judge did address these claims by stating:

> Thus, to the extent Plaintiff is raising claims for denial of access to the courts and for conspiring to deprive Plaintiff of his constitutional rights, these claims are not assessed herein and are

---

[1] On September 9, 2014, plaintiff filed a motion for extension of time to file his objection. The Court granted plaintiff's motion and extended the deadline for plaintiff to file his objection to the Report and Recommendation to October 20, 2014. Further, on September 15, 2014, plaintiff filed a Motion for Reconsideration to the Report and Recommendation, which the Court construes as an objection to the Report and Recommendation by plaintiff.

unaffected by the undersigned's recommended disposition of Defendants' Partial Motion to Dismiss.

Report and Recommendation at 4 n. 4. Further, the Magistrate Judge advised that:

> [A]doption of this Report and Recommendation would leave the following claims for further proceedings and disposition: (1) Plaintiff's claims against <u>all Defendants</u> seeking prospective declaratory and injunctive relief; (2) Plaintiff's claims against <u>all Defendants</u> for denial of access to the courts; (3) Plaintiff's claims for conspiracy to deprive Plaintiff of constitutional rights under § 1983 against <u>all Defendants</u>; and (4) Plaintiff's monetary damages claims for denial of procedural due process for retaliation against Defendants Rogers and Guffy, and against Defendant Page to the extent these claims are relevant to Misconduct # 3, all in their individual capacities and all to the extent they are not dismissed as barred by *Heck*.

*Id.* at 39 n. 17 (emphasis added).

Accordingly, upon <u>de novo</u> review, the Court:

(1) ADOPTS the Report and Recommendation [docket no. 75] issued by the Magistrate Judge on August 15, 2014,

(2) GRANTS IN PART Defendant's Partial Motion to Dismiss and Brief in Support [docket no. 41] and DISMISSES the following claims:

(A) Plaintiff's claims seeking money damages under § 1983 against all Defendants in their official capacities without prejudice,

(B). All procedural due process and retaliation claims, and associated request for declaratory and injunctive relief, challenging the validity of the procedures used in connection with the Battery-on Staff Misconduct of June 20, 2011, without prejudice, and

(C). Plaintiff's remaining individual–capacity procedural due process and retaliation claims without prejudice:
    a. As to defendant Kelli Curry in their entirety;
    b. As to defendant Crystal Durfey in their entirety;
    c. As to defendant Brandy Page, to the extent the claims are relevant to the Battery-on-Staff Misconduct or the Extortion Misconduct of August 15, 2011, but not as to the claims relevant to the Bartering Misconduct of September 21, 2011;
    d. As to defendant Janet Dowling in their entirety; and
    e. As to defendant Debbie Morton in their entirety;

(3) DENIES Plaintiff's Motion for Leave to Supplement [doc. no. 70]; and

(4) DENIES Plaintiff's Motion for Preliminary Injunction [doc. no. 61].

**IT IS SO ORDERED this 23rd day of October, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE