# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WHITMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-13-113-M |
| MIKE ROGERS et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Now before the Court is Plaintiff David Whitmore's "Notice of Intent to File an Interlocutory Appeal," which the undersigned construes as a Motion for Certification of Interlocutory Appeal (Doc. No. 95). For the reasons outlined herein, Plaintiff's Motion for Certification should be DENIED.

### BACKGROUND

Plaintiff initiated this 42 U.S.C. § 1983 action on January 31, 2013. *See* Doc. No. 1. In his Amended Complaint (Doc. No. 37), Plaintiff asserts claims against seven Defendants in their individual and official capacities. Through this lawsuit, Plaintiff seeks damages and declaratory and injunctive relief based upon Defendants' actions that allegedly violated Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution. *See* Am. Compl. at 7-19, 22-24. Plaintiff's claims are laid out within a framework of three interrelated counts, each of which contains multiple claims and

shares common factual allegations centered on certain "misconducts" (disciplinary reports) that Plaintiff received while incarcerated and on the disciplinary proceedings relevant to these misconducts. *See id.* at 7-19.

The seven Defendants moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 41) to dismiss certain claims in Plaintiff's Amended Complaint, and Plaintiff filed his Response (Doc. No. 51). On August 15, 2014, the undersigned issued a Report and Recommendation (Doc. No. 75) recommending that Defendants' Partial Motion to Dismiss be granted in part. Over Plaintiff's objection (Doc. No. 81), the Court adopted the Report and Recommendation and dismissed certain of Plaintiff's civil rights claims. *See* Order of Oct. 23, 2014 (Doc. No. 85).

ANALYSIS

Now before the undersigned is Plaintiff's Motion for Certification of Interlocutory Appeal, in which, liberally construed, Plaintiff seeks certification of an interlocutory appeal of the Court's Order of October 23, 2014, adopting the Report and Recommendation. Plaintiff specifically objects to and seeks to appeal that aspect of the Court's Order dismissing the claims of the Amended Complaint to the extent those claims challenged a certain June 2011 Misconduct received by Plaintiff for battery upon a prison staff member. *See* Pl.'s Mot. for Certification (Doc. No. 95); Order of Oct. 23, 2014, at 2; Report and Recommendation of Aug. 15, 2014, at 14-16, 24-27, 38

(recommending dismissal of claims challenging the June 2011 Misconduct as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994)).[1]

The "discretionary power to permit an interlocutory appeal" is vested in the trial court pursuant to 28 U.S.C. § 1292(b). *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). "A party seeking review of a nonfinal order must first obtain the consent of the trial judge. This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *Id.* at 474-75. Pursuant to federal statute, such certification requires that the underlying order "involve[] a controlling question of law as to which there is substantial ground for difference of opinion" and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court's adoption of the Report and Recommendation—specifically, the Court's dismissal of claims challenging the June 2011 Misconduct pursuant to *Heck*—does not fulfill the § 1292(b) statutory criteria. First, assuming that application of *Heck* is the "controlling question of law," Plaintiff's Motion for Certification does not show that a "substantial ground for difference of opinion" exists in connection with the application of *Heck* and dismissal of these claims. *See* Pl.'s Mot. for Certification; 28 U.S.C. § 1292(b).

---

[1] Plaintiff's Motion addresses only claims arising from his June 2011 Misconduct and does not reflect that he wishes to appeal that aspect of the Court's Order of October 23, 2014, denying his request for preliminary injunctive relief. *See* Pl.'s Mot. for Certification; *cf.* 28 U.S.C. § 1292(a)(1) (providing for interlocutory appeals as of right from orders refusing injunctions).

Plaintiff argued extensively against dismissal of these June 2011 Misconduct claims in his Response to Defendants' Partial Motion to Dismiss (*see* Doc. No. 51, at 6-7) and his objection to the Report and Recommendation (*see* Doc. No. 81, at 1-4). The District Judge performed a de novo review of the Report and Recommendation and considered Plaintiff's objections. *See* Order of Oct. 23, 2014, at 1-2; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff does not cite any argument or authority in the instant Motion that shows error in the Court's dismissal of Plaintiff's *Heck*-barred claims or that constitutes "substantial ground" for any difference of opinion on the Court's adoption of the Report and Recommendation as to these claims. *See* Pl.'s Mot. for Certification; 28 U.S.C. § 1292(b).

Second, following the Court's dismissal of the June 2011 Misconduct claims, Plaintiff filed a Motion to Stay this first-filed § 1983 suit pending final disposition of the 28 U.S.C. § 2241 action that Plaintiff initiated in this Court on May 6, 2013, challenging the June 2011 Misconduct. *See* Pl.'s Mot. to Stay (Doc. No. 87); *Whitmore v. Dowling*, No. CIV-13-463-R (W.D. Okla. filed May 6, 2013). In that Motion to Stay, as in his Motion for Certification, Plaintiff attempted to characterize the § 2241 proceeding and this § 1983 lawsuit as a "hybrid" action. *See* Pl.'s Mot. to Stay at 1-2. On November 12, 2014, the undersigned denied Plaintiff's Motion to Stay, stating:

> As reflected in the Court's previous Order (Doc. No. 85), however, Plaintiff's procedural due process and retaliation claims, and associated request for declaratory and injunctive relief, that were asserted in this § 1983 suit and that challenged the disputed Misconduct, all have been dismissed. *See also* Doc. No. 75, at 14-16. Because the legal claims that allegedly necessitate a stay are no longer pending and viable in this case, Plaintiff's Motion to Stay (Doc. No. 87) is DENIED.

*See* Order of November 12, 2014 (Doc. No. 91).

Plaintiff thereafter filed an Objection (Doc. No. 94) to the undersigned's Order denying a stay of this lawsuit; this Objection currently is pending before Chief Judge Miles-LaGrange. *See* Fed. R. Civ. P. 72(a).[2] Consideration of an interlocutory appeal regarding the same underlying error claimed in both the proposed appeal and the Motion to Stay is premature until the Court rules upon Plaintiff's Objection to the latter decision. Plaintiff has not shown "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Certification of Interlocutory Appeal (Doc. No. 95) be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by December 17, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[2] Plaintiff additionally has filed separate objections to the undersigned's Order of November 12, 2014 (Doc. No. 91), challenging that Order's denial of Plaintiff's Motion for Appointment of Counsel (*see* Doc. Nos. 86, 97) and Plaintiff's Motion for In Camera Review (*see* Doc. Nos. 88, 96). These objections also are pending before Chief Judge Miles-LaGrange. *See* Fed. R. Civ. P. 72(a).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 26th day of November, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE